<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| N.P., individually and on behalf of her son, J.P.,<br><br>Plaintiff,<br><br>v.<br><br>EAST ORANGE BOARD OF EDUCATION,<br><br>Defendant. | Civil Action No. 06-5130 (DRD)(MAS)<br><br>**OPINION AND ORDER** |

**SHIPP, United States Magistrate Judge**

## I. Introduction

This matter comes before the Court upon Plaintiff N.P.'s Motion to Compel Discovery. Defendant opposes the motion, maintaining that the discovery sought is improper in a 20 U.S.C. §1415(i)(2) civil action. The Court has considered the papers submitted by the parties and the arguments of counsel during oral argument. For the reasons discussed below, Plaintiff's motion is GRANTED.

Plaintiff initiated this action in April 2005 by filing a due process petition for an administrative determination of claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"). Plaintiff claimed the East Orange Board of Education ("Board") denied her son, J.P., the free and appropriate public education ("FAPE") he was entitled to under the IDEA by its failure to develop an appropriate Independent Education Program ("IEP") and respond to requests for educational records. (Pl.'s Br. in Supp. of Mot. 1-

2.)  Subsequently, there were two hearings before an Administrative Law Judge ("ALJ").[1]  The ALJ rendered a summary decision in favor of the Board in July 2006.  (Dec. of ALJ, Pl.'s Ex. 17.)  Plaintiff then filed a civil action in this Court as an "aggrieved party" pursuant to § 1415(i)(2).

## II. Discussion

The IDEA guarantees every disabled child a FAPE and provides the procedural framework in which guardians can assert that right.  Among those procedures is the right to an impartial due process hearing under § 1415(f), and the right to appeal the decision from such a hearing in a civil action commenced in state or federal court under § 1415(i)(2).  In addition to granting Federal Courts subject matter jurisdiction in IDEA civil actions, Congress mandated that courts "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).

A district court must give due weight to the findings and decision of the administrative agency, but "the court is free to accept or reject the agency findings depending on whether those findings are supported by the new, expanded record and whether they are consistent with the requirements of the Act."  *Oberti by Oberti v. Bd. of Educ. of Borough of Clementon School Dist.,* 995 F.2d 1204, 1220 (3d Cir. 1993)(*abrogated on other grounds by J.N. v. Pittsburgh City Sch. Dist.,* 536 F. Supp. 2d 564 (W.D. Pa. 2008)).

---

[1]The initial April 2005 hearing is cited herein as "T1."  The second, May 2006, hearing is cited herein as "T2."

The Board makes two arguments in support of its contention that discovery is improper: (1) the IDEA prohibits the type of additional discovery sought by Plaintiff; and (2) Plaintiff is estopped from seeking additional discovery.

First, the Board's argument that the discovery sought by Plaintiff is precluded in an IDEA civil action is not substantiated by reference to relevant case law.  The Board relies on *Susan N. v. Wilson School District*, 70 F.3d 751 (3d Cir. 1995) for the proposition that "additional evidence" in § 1415(i)(2) is narrowly constructed so as to preclude discovery in a civil action unless the administrative record is demonstrably deficient.  (*See* Def.'s Opp'n Br. at 4; *See* 70 F.3d at 759.)  However, the Third Circuit explicitly declined to adopt that construction.  *Id*. Rather, after considering a number of precedents from neighboring jurisdictions, the *Susan N.* court found that a "rigid" reading of "additional evidence" that would "unduly limit a court's discretion and constrict its ability to form the independent judgment Congress expressly directed" is inappropriate.  70 F.3d at 760.  Indeed, in *Susan N.* the Third Circuit ruled that the lower court erred by refusing to admit additional evidence that was not included in the record from the state administrative proceeding.  *Id.* at 758.

In vacating the lower court's order, the Third Circuit unambiguously rejected a rigid approach to determining the scope of the review to be undertaken.  Contrary to the Board's assertions, *Susan N.* sends a clear message that courts are to be wary of excluding evidence that may be relevant in determining whether Congress's intentions under the IDEA are met.

If a Court requires additional evidence in order to form the independent judgment that Congress directed and Defendant is in the possession of the discovery, it follows that the Court should compel discovery.  Plaintiff cites *Canterbury Career Sch. v. Riley* as a case in which the

3

Court allowed discovery in a federal appeal of an administrative agency decision when success of the appeal depended on plaintiff being able to review records in the possession of the defendant agency.  833 F. Supp. 1097 (D.N.J. 1993)(Pl.'s Reply Br. 7.)  There are other instances in which the Court also allowed discovery.  *See A.W. v. The Jersey City Public Schools,* 486 F.3d 791, 793 (3d Cir. 2007) (en banc) (explaining that the school district moved for summary judgment "[f]ollowing the completion of all discovery other than expert depositions"); *C.M. v. Bd. of Educ. of Union County High Sch. Dist.,* 128 Fed. App'x 876, 886 (3d Cir. 2005) (noting that "[t]he District Court should also review the need for additional discovery in light of this opinion"); *James S. ex rel. Thelma S. v. Sch. Dist. of Phila.*, 559 F. Supp. 2d 600, 617 (E.D. Pa. 2008) (denying defendant's motion to dismiss pending "completion of relevant discovery").

Second, this Court is also not persuaded by the Board's estoppel based argument against allowing further discovery.  The Board does not cite any binding authority for its position that Plaintiff is barred from discovery in this civil action because it attempted to compel discovery during the administrative hearing.[2]  The Court finds that the Board is not relieved of its obligations during this stage of the litigation simply because it managed to escape them during the administrative proceeding.

---

[2] At the initial April 21, 2005 hearing before the ALJ, Plaintiff's counsel did ask the ALJ to order the District to produce additional documents.  (T1, Ex.16 at 5:7, April 21, 2005.)  Strangely, the court directs *the Board's counsel* to send it a letter detailing the records to be handed over.  (Ex. 16 at 10:8-15.)

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Compel Discovery is GRANTED. This matter is scheduled for an in-person conference in Courtroom 2C on December 18, 2008 at 2:00 p.m.


          s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**


Dated: November 21, 2008